# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

m 98-10175

_____

JIMMY-JACK JACKAI,

Plaintiff-Appellee,

VERSUS

DALLAS COUNTY, TEXAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:93-CV-2084-R)

_____

November 12, 1999

Before GARWOOD, SMITH, and
BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Dallas County, Texas, appeals a judgment entered on a verdict for Jimmy-Jack Jackai, who sued for discrimination under title VII after his employment was terminated. Jackai, who is black, alleges race discrimination.

The county's main issue on appeal is its claim that the evidence is insufficient to support the verdict. Although there is no direct evidence of discrimination (except for the apparent racial prejudice of Roy Wilkins, who was not involved in the decision to terminate Jackai), and the circumstantial evidence is far from overwhelming, we conclude that the evidence is sufficient for a reasonable juror to find that Jackai was discriminated against on account of race.

It appears undisputed that Wilkins, who trained Jackai, was racially biased. Based on the evidence, the jury could have believed that Wilkins intentionally gave Jackai inadequate training and gave better training to Dwight Rottenberg, who is white. There is evidence that once trained, Jackai was given inadequate facilities for his work and may have received inadequate further training on a crucial computer program with which Jackai had difficulty. Although Rottenberg, like Jackai, received negative performance reviews, Jackai was terminated, while Rottenberg was not.

As explained in his brief, "[o]ne of Plaintiff's theories of the case is that he was set up to fail in Dallas County Data Services because he was a black man who had had the temerity to challenge Dallas County's refusal to hire him for positions to which he was qualified." Because of the difficulties Jackai faced not only directly at the hands of Wilkins, but also on the job once he was no longer being trained by Wilkins, the jury could have

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

believed there was a plan afoot to undermine Jackai's career with Dallas County.

As the county acknowledges, a verdict must be upheld unless there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did. *See Price v. Marathon Cheese Corp.*, 119 F.3d 330, 333 (5th Cir. 1997). Considering, as we must, all inferences in the light most favorable to the verdict, the evidence is sufficient, if only barely.

The county also challenges the award of attorney's fees. We find no clear error in the district court's assessment of fees.

In summary, given the high degree of deference we accord to jury verdicts, we see no reversible error in the judgment. The same is AFFIRMED.